MARTHA A. KIRKLAND *v.* WILLIAM J. HOGAN.

A summons in a civil action before a justice of the peace does not require to be executed by leaving a copy with the defendant; the C. C. P., secs. 82 and 504, Rule 15, not embracing such process returnable before a magistrate.

This was a petition to the Superior Court of ORANGE County for a *recordari* in the lieu of an appeal to take up a number of cases in which the defendant had obtained judgments before a Justice of the Peace against the petitioner. The petition set forth the reasons why appeals had not been applied for and obtained in the proper manner and in due time, and among others that the constable who cited her to appear before the Justice did not leave any copies of the summonses with her.

His Honor *Judge Tourgee*, at the Fall Term, 1870, of the said Court, being of opinion with the plaintiff, ordered the judgments to be reversed, and the cases to be placed upon the trial docket, and the defendant appealed.

*Phillips & Merrimon* for the defendant.
*W. A. Graham* for the plaintiff.

SETTLE, J.   We have carefully examined the provisions of the Code cited by the plaintiff's counsel to establish the proposition that " a summons before a magistrate cannot be executed without leaving copies, as in the case of the same process returnable to the Superior Court," but we have arrived at a different conclusion, and are of opinion that the judgment below must be reversed.

C. C. P., sec. 82, prescribes the manner in which the summons, in civil actions in the Superior Courts, is to be served.   And C. C. P., sec. 504, Rule XV, enacts that the provisions of C. C. P. respecting forms of actions, parties to actions, the times of commencing actions, and *the service of process upon corporations* shall apply to Justices' Courts.

Now when we bear in mind that C. C. P., sec. 82, prescribes the manner of serving process.   1. When the suit is against a corporation.   2. When it is against a minor.   3. When it is against a person judicially declared to be of unsound mind, &c., and, 4. In all other cases; and see that the Rules of proceeding in Justices' Courts only adopt the provisions of sec. 82, as to the *service of process upon a corporation*, we must conclude that in all other cases, it was intended that the manner of service should, or at least might be, different from that prescribed for the Superior Courts.   *Expressio unius exclusio alterius.*

We are confirmed in this opinion by reference to Rule II of the same section, which enacts that the pleadings before a Justice's Court may be either oral or written.

We can see no good reason for such nicety in the service of process, as to require a *written summons* to be left with the defendant, when the pleadings before the Court may be *oral.*

Judgment reversed, and petition dismissed.

PER CURIAM.                    Judgment reversed.